**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4021**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CIARA DAWKINS, a/k/a C,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Parkersburg.  Thomas E. Johnston, District Judge.  (6:12-cr-00059-1)

Submitted:  September 18, 2014          Decided:  October 2, 2014

Before AGEE and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Scott C. Brown, SCOTT C. BROWN LAW OFFICE, Wheeling, West Virginia, for Appellant.  R. Booth Goodwin II, United States Attorney, John J. Frail, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Clara Dawkins was convicted of conspiracy to distribute oxycodone and oxymorphone, in violation of 21 U.S.C. § 846 (2012), and aiding and abetting possession with intent to distribute oxymorphone, in violation of 21 U.S.C. § 841(a)(1) (2012) and 18 U.S.C. § 2 (2012). The district court sentenced her to 188 months of imprisonment. Dawkins appeals, claiming the district court erred in determining the drug quantity attributable to her for sentencing purposes. Finding no error, we affirm.

Although Dawkins concedes that she is responsible for the 119.9 kilograms of marijuana equivalent seized during a February 3, 2012 controlled buy, she challenges the remaining 4,016.9 kilograms of marijuana equivalent on the grounds that the probation officer utilized a "concocted formula" based on speculation and conjecture and that the testimony of Jason McClure was inherently unreliable. Under the Sentencing Guidelines, a defendant convicted of conspiring to distribute controlled substances "is accountable for all quantities of contraband with which [s]he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that [s]he jointly undertook." U.S. Sentencing Guidelines Manual § 1B1.3 cmt. n.2 (2013).

2

The government must prove the drug quantity attributable to the defendant by a preponderance of the evidence. United States v. Carter, 300 F.3d 415, 425 (4th Cir. 2002). The district court may rely on information in the presentence report unless the defendant affirmatively shows that the information is inaccurate or unreliable. Id. A district court's findings on drug quantity are generally factual in nature, and therefore are reviewed by this court for clear error. Id. To reverse, this court must be "'left with the definite and firm conviction that a mistake has been committed.'" United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (quoting Anderson v. Bessemer City, 470 U.S. 564, 573 (1985)).

Based on our review of the record, we find no clear error in the district court's conclusion that the probation officer arrived at a thorough and conservative estimate of relevant conduct based on McClure's testimony. Although Dawkins attacks McClure's credibility and reliability as an "admitted pill abuser and addict," the district court aptly noted that the jury would have been unlikely to find Dawkins guilty if it had not found McClure credible. See United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (providing that credibility determinations are for the trier of fact, not the reviewing court).

3

Accordingly, we affirm Dawkins' conviction and sentence. We deny Dawkins' motion to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before this court and argument would not aid the decisional process.

AFFIRMED