**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4660**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MACK BROOKS,

        Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Parkersburg. Thomas E. Johnston, District Judge. (6:12-cr-00059-2)

Submitted: March 25, 2015        Decided: April 2, 2015

Before AGEE and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Stephen D. Herndon, Wheeling, West Virginia, for Appellant. R. Booth Goodwin II, United States Attorney, John J. Frail, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Mack Brooks was convicted of conspiracy to distribute oxycodone and oxymorphone, in violation of 21 U.S.C. § 846 (2012). The district court sentenced him to 240 months of imprisonment. Brooks appeals, challenging the drug quantity attributable to him for sentencing purposes and the district court's denial of his pro se motion for a judgment of acquittal or a new trial. Finding no error, we affirm.

Brooks' primary claim on appeal is that the district court erred in determining the drug quantity attributable to him for sentencing purposes. Although Brooks acknowledges that we already upheld the probation officer's calculations in his co-defendant's case, United States v. Dawkins, 584 F. App'x 124 (4th Cir. 2014) (No. 14-4021), cert. denied, 135 S. Ct. 1014 (2015), he claims that the district court erred in basing his relevant conduct "upon information derived from active drug users and addicts," primarily the trial testimony of Jason McClure whose "story changed in a manner to improve the testimony supporting the conspiracy charge and in ways that tended to increase the relevant conduct." (Petitioner's Br. at 9-10).

Under the Sentencing Guidelines, a defendant convicted of conspiring to distribute controlled substances "is accountable for all quantities of contraband with which he was directly

2

involved and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook." U.S. Sentencing Guidelines Manual § 1B1.3 cmt. n.2 (2012). The government must prove the drug quantity attributable to the defendant by a preponderance of the evidence. United States v. Carter, 300 F.3d 415, 425 (4th Cir. 2002). The district court may rely on information in the presentence report unless the defendant affirmatively shows that the information is inaccurate or unreliable. Id. A district court's findings on drug quantity are generally factual in nature, and therefore are reviewed by this court for clear error. Id. To reverse, we must be "'left with the definite and firm conviction that a mistake has been committed.'" United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (quoting Anderson v. Bessemer City, 470 U.S. 564, 573 (1985)).

Based on our review of the record, we find no clear error in the district court's conclusion that the probation officer arrived at a reasonable and conservative estimate of relevant conduct based on McClure's testimony. Although Brooks attacks McClure's credibility as a "drug user and addict," the district court aptly noted that, in returning a guilty verdict, the jury clearly found McClure credible. See United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (providing that credibility

3

determinations are for the trier of fact, not the reviewing court).

Brooks also argues that counsel was ineffective for failing to support his pro se motion for a new trial or judgment of acquittal. To the extent that Brooks challenges the district court's denial of his motion as untimely under either Fed. R. Crim. P. 29 or 33, we find no abuse of discretion. Although Brooks suggests that the district court should have construed his motion as a request for substitution of counsel, Brooks clearly requested a new trial or a judgment of acquittal in his motion and did not allege any concerns about counsel representing him at sentencing. Thus, there was no basis for the district court to construe his motion as a request for substitution of counsel.

To the extent Brooks is seeking to raise an ineffective assistance of counsel claim as opposed to challenging the district court's denial of his motion for a new trial or judgment of acquittal, we conclude that the record does not conclusively establish ineffective assistance and thus his claim should be raised, if at all, in a 28 U.S.C. § 2255 (2012) motion. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims

4

should be raised in a § 2255 motion in order to permit sufficient development of the record. <u>United States v. Baptiste</u>, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>